UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEX TAYLOR,<br><br>            Plaintiff,<br><br>    v.<br><br>RELIANCE STANDARD LIFE INSURANCE, et al.,<br><br>            Defendants. | CASE NO. C10-1317JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the court on Defendants Reliance Standard Life Insurance Company ("Reliance") and Corbis Corporation's ("Corbis") motion to dismiss Plaintiff Alex Taylor's claims for breach of fiduciary duty, violation of the Insurance Fair Claims Act, and equitable relief (Dkt. # 11). Having considered the submissions of the parties and the relevant law, and deeming oral argument unnecessary, the court GRANTS Defendants' motion (Dkt. # 11).

ORDER- 1

## I.   BACKGROUND & ANALYSIS

Plaintiff Alex Taylor brought this action against Defendants in connection with the denial of his claim for long term disability benefits under an employee welfare benefit plan ("the Plan") governed by the Employee Retirement Income Security Act ("ERISA"). In his complaint, Mr. Taylor alleges four causes of action: (1) recovery of employee benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2); (3) violation of the Washington Insurance Fair Claims Act pursuant to RCW 48.30.015; and (4) equitable relief pursuant to 29 U.S.C. § 1132(a)(3). (*See generally* Compl. (Dtk. # 1).)  Defendants move to dismiss claims two and four based on a recent Ninth Circuit decision regarding the viability of these claims when combined with a claim for recovery of employee benefits.  Defendants also move to dismiss claim three on the basis that it is preempted by ERISA.

### A.   Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Telesaurus*

*VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.  Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Second and Fourth Causes of Action**

Mr. Taylor asserts a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) based on, *inter alia*, the ERISA Plan's administrator's handling of his claim for disability benefits, as well as "on behalf of, and for the benefit of, the Plan and all its participants."  (Compl. ¶¶ 64, 70.)  Mr. Taylor does not specify how the Plan as a whole suffered an injury as a result of the alleged mishandling of his claim.  Instead, Mr. Taylor makes general allegations based "upon information and belief" that Defendants violated their fiduciary duties to the Plan by employing medical consultants that were incentivized to render opinions favorable to the Defendants.  (*Id.* at ¶ 67.)  These general allegations are not sufficient to withstand a motion to dismiss.

In *Wise v Verizon Communications, Inc.*, the Ninth Circuit held that in order to support a claim for breach of fiduciary duty pursuant to § 1132(a)(2) the complaint must allege that the fiduciary injured the benefit plan as a whole or otherwise "jeopardize[d] the entire plan or put at risk plan assets."  600 F. 3d 1180, 1189 (9th Cir. 2010) (quoting *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988)).  The fiduciary duties defined in ERISA do not include a

fiduciary's mishandling of an individual benefit claims.  *Id.*  Similar to the plaintiff in *Wise*, Mr. Taylor attempts to surmount this hurdle by alleging conclusory allegations regarding fiduciary duties owed to the Plan.  As stated in *Wise*, however, conclusory allegations do not survive a Rule 12(b)(6) motion.  *Id.* (quoting *Twombly*, 550 U.S. at 555).  There must be some allegations in the complaint that the Defendants mishandled a duty in such a way that there was "plan-wide injury."  *Wise*, 600 F.3d at 1189.  There are no such allegations in Mr. Taylor's complaint.  Accordingly, the court dismisses Mr. Taylor's second cause of action for breach of fiduciary duty.

Mr. Taylor's fourth cause of action alleges that he is entitled to equitable relief under 29 U.S.C. § 1132(a)(3).  (Compl. ¶¶ 83-88.)  Mr. Taylor requested equitable relief in the form of "past and future [disability] benefits," an injunction enjoining Defendants from terminating his benefits, and other "make-whole" relief.  (*Id.*)  The same requested equitable relief was rejected by the Ninth Circuit in *Wise*.  In *Wise*, the court explained that the equitable relief section of ERISA was a "catchall" or "safety net" provision designed to offer appropriate equitable relief for injuries that are not cognizable under other portions of ERISA.  *Wise*, 600 F.3d at 1190.  Because all of the remedies requested by Mr. Taylor in this case, as was the case in *Wise*, are duplicative of relief he seeks pursuant to other claims under 29 U.S.C. § 1132, his fourth cause of action must be dismissed.

**C.  Third Cause of Action**

In addition to his ERISA claim, Mr. Taylor brings a state law claim for violation of the Insurance Fair Claims Act, RCW 48.30.015.  (Compl. ¶¶ 75-82.)  This claim is

ORDER- 4

preempted by ERISA. The only factual predicate for Mr. Taylor's state law claim is the unreasonable denial of his long term disability benefits. (*Id.*) A state law claim is preempted by ERISA if it has a ''connection with'' or a ''reference to'' an ERISA-governed benefit plan. *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985). ERISA's preemption provision functions ''even when the state action purport[s] to authorize a remedy unavailable under the federal provision.'' *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 142, 144 (1990) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). Mr. Taylor's claim for violation of Washington's Insurance Fair Claims Act is preempted because his complaint is based entirely on actions taken pursuant to an ERISA plan. Accordingly, the court dismisses Mr. Taylor's third cause of action.

## II.  CONCLUSION

For the reasons stated, the court GRANTS Defendants' motion to dismiss Mr. Taylor's second, third, and fourth causes of action (Dkt. # 11).

Dated this 7th day of January, 2011.

_____
JAMES L. ROBART
United States District Judge