UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEX TAYLOR,<br><br>              Plaintiff,<br><br>             v.<br><br>RELIANCE STANDARD LIFE<br>INSURANCE COMPANY, et al.,<br><br>             Defendants. | CASE NO. C10-1317JLR<br><br>ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF AND DENYING WITHOUT PREJUDICE REQUEST FOR ATTORNEYS' FEES AND COSTS |

## I.     INTRODUCTION

In this matter, Plaintiff Alex Taylor ("Mr. Taylor") appeals Defendant Reliance Standard Insurance Company's ("Reliance") decision to terminate his long term disability ("LTD") benefits. (*See generally* Compl. (Dkt. # 1).) Reliance filed a motion for summary judgment, which the court denied on September 2, 2011. (S.J. Order (Dkt. # 46).) In denying Reliance's motion, the court concluded that Reliance abused its discretion in terminating Mr. Taylor's benefits and reasoned that Reliance arbitrarily

refused to credit Mr. Taylor's uncontroverted evidence of disabling cognitive dysfunction and failed to engage in a meaningful dialogue with Mr. Taylor regarding his claim.[1] (*Id.* at 29-30.) At the pretrial conference, which was held on September 6, 2011, the parties agreed that a trial was not necessary; however, they disagreed as to the appropriate remedy in light of the court's ruling on summary judgment.

Mr. Taylor has requested that the court retroactively reinstate his benefits, award pre-judgment interest at a rate of ten percent, and award over $56,000 in attorneys' fees and costs. (Trial Br. (Dkt. # 47).) Reliance contends that (1) any remedy is premature because the court has not made any findings or granted summary judgment in Mr. Taylor's favor; (2) if the court elects to award a remedy, it should remand, rather than reinstate Mr. Taylor's benefits; (3) if the court reinstates Mr. Taylor's benefits, it should not award benefits after October 2010 because the "any occupation" eligibility standard went into effect at that time; (4) the law does not support Mr. Taylor's request for pre-judgment interest at a rate of ten percent; and (5) Mr. Taylor's request for attorneys' fees is improper. (Resp. (Dkt. #56).)

Having considered the briefing of the parties, the administrative record, and the relevant law, the court grants summary judgment to Mr. Taylor and orders Reliance to pay Mr. Taylor benefits from the time they were terminated until the time that the "any occupation" eligibility standard went into effect. The court further remands Mr. Taylor's case to Reliance for a determination of whether Mr. Taylor is entitled to receive benefits

---

[1] The court also provided a detailed factual background (*see generally* S.J. Order), which it now incorporates by reference into this order.

under the "any occupation" eligibility standard, and orders Reliance to accept additional evidence from Mr. Taylor regarding his continuing disability and to engage in a full and fair review of his file. The court awards Mr. Taylor pre-judgment interest at the rate provided for in 28 U.S.C. § 1961 and more fully explained in this order. The court orders the parties to submit to the court, within 14 days of the entry of this order, a proposed order of judgment that reflects the court's disposition of this matter as set forth in this order, including a calculation of the total amounts of back-benefits and pre-judgment interest currently owed to Mr. Taylor. Finally, the court denies without prejudice Mr. Taylor's request for attorneys' fees; Mr. Taylor must file any amended motion within 21 days of the entry of this order.[2]

## II. ANALYSIS

### A. Summary Judgment

Ordinarily, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In actions under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, like the one currently before the court, however, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942

---

[2] Reliance did not request oral argument, and Mr. Taylor requested a hearing only if the court required additional explanation of his request for attorneys' fees. (Resp. (Dkt. # 57) at 9.) The court has determined that oral argument would not aid its resolution of Mr. Taylor's fee request and therefore issues this order without a hearing.

(9th Cir. 1999), *overruled in part on other grounds by Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966-69 (9th Cir. 2006) (en banc)); *see also Nolan v. Heald Coll.,* 551 F.3d 1148, 1154 (9th Cir. 2009). Thus, a summary judgment motion resting on the administrative record is not a typical summary judgment, but rather, is a procedural vehicle for determining whether benefits were properly granted or denied, and under the facts of this case, the court reviews for an abuse of the plan administrator's discretion. *See Bendixen*, 185 F.3d at 942-43.

In deciding Reliance' motion for summary judgment (Dkt. # 35), the court determined that Reliance improperly terminated Mr. Taylor's benefits, thereby abusing its discretion. (*See* S.J. Order.) Mr. Taylor, therefore, is entitled to summary judgment. Under Federal Rule of Civil Procedure 56(f), the court may grant summary judgment to a nonmovant after giving notice and a reasonable time to respond. Fed. R. Civ. P. 56(f). On January 3, 3012, the court entered an order notifying the parties of its intent to grant summary judgment to Mr. Taylor and allowed the parties seven days to file any objections. (Order (Dkt. # 59).) Neither party has filed an objection, thus the court grants summary judgment to Mr. Taylor pursuant to Federal Rule of Civil Procedure 56(f).

**B. Remedy**

Mr. Taylor asks the court to order Reliance to reinstate his benefits retroactive to November 8, 2006. (Trial Br. at 2.) He contends that payment of benefits from this time through the present is warranted. (Reply (Dkt. # 57) at 7.) Mr. Taylor relies primarily on the Ninth Circuit's decision in *Pannebecker v. Liberty Life Assurance Company of*

*Boston*, 542 F.3d 1213 (9th Cir. 2008). (*See generally* Trial Br.) Reliance, on the other hand, contends that the proper remedy is a remand for further factual development in light of the court's ruling that Reliance failed to engage in a meaningful dialogue. (Resp. at 3.) If the court reinstates Mr. Taylor's benefits, Reliance maintains that the court should not award benefits beyond October 2010 because at this time the benefits eligibility standard under the Policy changed. (*Id.*) Indeed, under the Policy, an insured may receive benefits for 60 months if he or she is unable to perform the material duties of his or her "regular occupation"; however, after 60 months, an insured only receives benefits if he or she is unable to perform the material duties of "any occupation." (S.J. Order at 3-4 (quoting AR 602 (Policy)).)

In the Ninth Circuit, "retroactive reinstatement of benefits is appropriate in ERISA cases where, as here, 'but for [the insurer's] arbitrary and capricious conduct, [the insured] would have continued to receive the benefits' or where 'there [was] no evidence in the record to support a termination or denial of benefits.'" *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001) (quoting *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 477 (7th Cir. 1998) (collecting cases)) (alterations in *Grosz-Salomon*). In other words, "if an administrator terminates continuing benefits as a result of arbitrary and capricious conduct, the claimant should continue receiving benefits until the administrator properly applies the plan provisions." *Pannebecker*, 542 F.3d at 1221; *see also Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 637 (9th Cir. 2009) (reversing the district court to hold that the plan administrator abused its discretion

in terminating the claimant's LTD benefits and ordering the district court to reinstate the benefits).

In *Pannebecker*, the district court held that the plan administrator failed to properly apply the plan provisions and failed to obtain enough information to determine whether the claimant could perform any occupation. *Pannebecker*, 543 F.3d at 1215. The district court therefore remanded for compliance with the plan and the court's order. *Id.* After the plan administrator followed the proper procedures, it denied benefits to the claimant. *Id.* The district court upheld the plan administrator's decision and declined to award retroactive benefits. *Id.* The Ninth Circuit affirmed the termination of benefits but found that the district court should have awarded retroactive benefits from the date that the plan administrator improperly terminated the claimant's benefits to the date that the plan administrator properly denied the claim. *Id.* at 1215, 1221.

The instant case is similar to *Pannebecker* and therefore warrants reinstatement of benefits. Here, like in *Pannebecker*, Reliance failed to properly apply ERISA's procedural requirements prior to terminating Mr. Taylor's benefits. (*See generally* S.J. Order.) Reliance terminated Mr. Taylor's benefits without any evidence contradicting Dr. Uomoto's assessment of disabling cognitive disorder and without confirming whether his symptoms from fibromyalgia had improved. (S.J. Order at 24 ("The court . . . concludes that Reliance arbitrarily refused to credit Mr. Taylor's objective evidence that he had disabling cognitive dysfunction . . . .").) But for these arbitrary actions, Mr. Taylor would have continued receiving benefits. *See Pannebecker*, 542 F.3d at 1221; *Grosz-Salomon*, 237 F.3d at 1163. Accordingly, the court orders retroactive

reinstatement of Mr. Taylor's benefits from the time they were terminated until the time that the "regular occupation" benefits would have expired. *See Nash v. Life Ins. Co. of N. Am.*, No. 08cv893-WQH-RBB, 2010 WL 5139087, at *35 (S.D. Cal. Dec. 9, 2010) (awarding plaintiff retroactive reinstatement of benefits during the "regular occupation" eligibility period but declining to award benefits during the "any occupation" eligibility period).

However, because Reliance has never decided Mr. Taylor's eligibility for benefits under the "any occupation" standard, Mr. Taylor's "request for 'any occupation' benefits is not an appropriate subject of this action." *Id.* In *Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455 (9th Cir. 1996), the Ninth Circuit found that the district court erred in ordering payments beyond the initial disability period. *Id.* at 460. The court wrote:

> [Defendant] further argues that the district court erred by ordering benefit payments beyond the initial 24-month disability period because Saffle never applied for general disability payments and her eligibility for the second-tier benefits has never been considered by the Benefit Committee. We agree that there is nothing in the administrative record about general disability. Of course it is the case, as Saffle contends, that she could not have applied for general disability since she first must have been awarded occupational disability benefits; but that affords no basis upon which to uphold an order to pay benefits from the date of onset to the present. Therefore, to the extent the district court ordered payments beyond the initial 24-month disability period, it was error to do so.

*Id.* Other courts have come to the same conclusion that the retroactive reinstatement of "any occupation" benefits is inappropriate where the plan administrator has not decided a recipient's eligibility under that standard. *See, e.g.*, *Nash*, 2010 WL 5139087, at *35 (collecting cases); *Lavino v. Metro. Life Ins. Co.*, No. CV 08-2910, 2010 WL 234817, at

*13 (C.D. Cal. Jan. 13, 2010) (ordering reinstatement of benefits under "own occupation" standard but remanding case to plan administrator to determine eligibility under "any occupation" standard). Accordingly, the court remands Mr. Taylor's case to Reliance for a determination of whether he is entitled to continuing benefits after the expiration of the "own occupation" benefits period. On remand, Reliance must accept additional evidence from Mr. Taylor regarding his continuing disability and engage in a full and fair review of his file.

**C. Pre-Judgment Interest**

Mr. Taylor requests pre-judgment interest at a rate of ten percent.[3] (Trial Br. at 3.) Reliance contends that the court should award interest at the rate proscribed by 28 U.S.C. § 1961 because Mr. Taylor has provided no justification for awarding interest at a higher rate. (Resp. at 4.) As explained below, the court agrees with Reliance.

The Ninth Circuit has held that a district court may award pre-judgment interest in ERISA cases to compensate a plaintiff for the loss he incurred as a result of the defendant's nonpayment of benefits. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). Whether to award prejudgment interest "is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985) (quoting *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir.

---

[3] Mr. Taylor also asks the court for additional time to consult an economist to determine the fair rate of return. The court declines to allow additional time, however, because Mr. Taylor had ample time in which to consult an economist prior to filing his reply brief but failed to do so.

1971)). Appropriate considerations include whether the "financial strain" of paying prejudgment interest would injure other plan beneficiaries and whether the defendants acted in bad faith. *Id.*; *see also Dishman*, 269 F.3d at 988.

"[T]he interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Grosz-Salomon*, 237 F.3d at 1164 (quoting *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994) (internal quotations omitted)). According to the court in *Nelson*, to properly calculate the interest rate under 28 U.S.C. § 1961,

> [t]he court applies the interest rate that was in effect at the time payment was due to the plaintiff, not the rate applicable as of the date of the judgment. To cover the costs of the lost investment potential of funds to which a plaintiff was entitled, the interest rate should be calculated as though the plaintiffs had invested the withheld funds at the 52-week Treasury bill rate and then reinvested the proceeds annually at the new rate. The Treasury bill rate at the beginning of each year presents a slightly more accurate reflection of a 52-week Treasury bill investment than the average during each year.

*Lee v. Sun Life Assur. Co. of Canada*, No. CV-08-140-ST, 2010 WL 2231943, at *7 (D. Or. April 1, 2010) (internal citation and quotation omitted).

The court concludes that the facts of this case justify an award of pre-judgment interest. Indeed, Reliance does not oppose the award of pre-judgment interest, it merely objects to Mr. Taylor's proposed rate of ten percent. The court further determines that the amount of interest should be calculated according to the formula set forth in *Nelson*

and summarized in *Lee*. Mr. Taylor has not provided any evidence, much less "substantial evidence," justifying a higher rate. *See Grosz-Salomon*, 237 F.3d at 1164.

**D. Attorneys' Fees and Costs**

Mr. Taylor requests attorneys' fees in the total amount of $56,502.50 and costs in the amount of $588.15. (Trial Br. at 3; Krafchick Decl. (Dkt. # 57); Supp. Krafchick Decl. (Dkt. # 58) ¶ 7.) Reliance opposes the award of any fees, arguing that Mr. Taylor's request is improper because he fails to address how he has satisfied the appropriate legal standards under which the court determines whether to award fees, and he does not support the reasonableness of the requested rates or the requested hours. (Resp. at 4-8.) For the reasons explained below, the court concludes that an award of attorneys' fees and costs is appropriate in this case but that Mr. Taylor has not established the reasonableness of his request. The court, therefore, denies the fee request without prejudice to filing an amended motion within 21 days of the entry of this order.[4]

**1. Whether to Award Attorneys' Fees and Costs**

In an ERISA action, the court may, at its discretion, award reasonable attorneys' fees and costs to either party "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Hardt v. Reliance Standard Ins. Co.*, 130 S. Ct. 2149, 2152 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 360, 694 (1983)); *see also* 29 U.S.C. § 1132(g)(1). If the court concludes that the claimant satisfies the standard of

---

[4] The court grants Mr. Taylor leave to submit an amended motion for attorneys' fees because "a successful ERISA participant should ordinarily recover an attorney's fee," *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999), and, as discussed below, an award here is warranted under the *Hummel* factors.

ORDER- 10

success set forth in *Hardt*, it must consider the five factors outlined by the Ninth Circuit in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 443 (9th Cir. 1980), to determine whether to award reasonable attorneys' fees and costs. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). Those factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. When the court applies these factors, it "must keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of protecting participants in employee benefit plans." *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999). The court also applies "a 'special circumstances' rule in which a successful ERISA participant should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* (quotations omitted).

There is no serious question that Mr. Taylor has achieved success on the merits. *See Hardt*, 130 S. Ct. at 2152. Accordingly, the court proceeds to the *Hummell* factors despite Reliance's correct assertion that Mr. Taylor fails to address them in his briefing. First, although the court found that Reliance abused its discretion, there is no evidence that it acted in bad faith. Bad faith, however, "is not a prerequisite to an ERISA fee award." *McElwaine*, 176 F.3d at 1173. Second, it is very likely that Reliance would be able to satisfy the fee award without hardship, thus this factor weighs in favor of a fee award. Third, an award of fees could deter other plan administrators from failing to

credit uncontroverted evidence of a disability, therefore this factor also weighs in favor of a fee award. *See Sluimer v. Verity, Inc.*, No. C-08-1220, 2008 WL 5048434, at *3 (N.D. Cal. Nov. 24, 2008) ("An award of attorneys' fees based on a plan administrator's incorrect decision signals to other plan administrators that they should not similarly abuse their discretion."). Fourth, there is no evidence that Mr. Taylor sought to benefit all plan participants or to resolve significant legal questions regarding ERISA, therefore this factor is neutral. Fifth, the court has granted summary judgment in Mr. Taylor's favor because Reliance abused its discretion, which tips this factor in favor of a fee award.

In sum, the court concludes that the *Hummell* factors weigh in favor of awarding Mr. Taylor reasonable attorneys' fees and costs. Further, no special circumstances would render a fee award unjust. Mr. Taylor is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**2. Reasonable Amount of Attorneys' Fees and Costs**

In determining the reasonable amount of fees and costs to award, the court uses a hybrid lodestar/multiplier approach. *McElwaine*, 176 F.3d at 1173. The court arrives at the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* The court may then apply a "multiplier" to raise or lower this amount based on factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

### a. Hourly Rate Charged

In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welsh*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1214 (9th Cir.1986)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

Mr. Taylor requests fees at the following rates for the timekeepers who worked on his file: $500 per hour for Steven Krafchick, an attorney with 28 years of experience; $275 per hour for Kat (last name unknown); $275-$300 per hour for Pamela (last name unknown); $125 per hour for Julia Busko, a paralegal with over 25 years experience; $50 per hour for Susannah (last name unknown), a paralegal with over one year experience;

and $50 per hour for Mallory Griffith, a legal assistant with over one year of experience. Mr. Taylor asserts that Mr. Krafchick's rate is reasonable because it is the rate he has charged clients for the past three years. (Reply at 8.) He does not include Kat's or Pamela's job titles or their experience levels. He does not address the reasonableness of the rates charged for the paralegals or the legal assistant. Reliance contends that Mr. Taylor has not met his burden of establishing the reasonableness of the requested rates. (Resp. at 5-8.)

The court concurs with Reliance. Mr. Taylor has presented no evidence regarding the prevailing market rate in the Western District of Washington for ERISA plaintiffs' attorneys, paralegals, or administrative assistants. In fact, as noted above, the court has no information regarding Kat's or Pamela's job titles or experience levels. Moreover, under the standard set forth in *Welsh*, Mr. Taylor cannot satisfy his burden merely by asserting that Mr. Krafchick's fee is reasonable because it is the fee he charges his clients. Given the dearth of evidence on this issue, the court cannot determine the reasonable rate for the legal work that was done on Mr. Taylor's case.

      **b. Hours Expended**

In performing the loadstar calculus, the court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Reliance contends that the court cannot determine the reasonableness of the hours expended because the descriptions are "so vague and non-descriptive that it is impossible to know exactly what tasks were being performed." (Resp. at 7.) Reliance also contends that the court should cut the fee award to account for

the claims Mr. Taylor asserted that the court dismissed, the discovery that was not allowed, and the discovery motion that was mostly denied. (*Id.* at 8.)

The court will address the reasonableness of the hours expended in ruling on an amended motion for attorneys' fees, should Mr. Taylor submit one. Nevertheless, the court leaves the parties with a few thoughts to aid them in any future briefing. First, Mr. Taylor has not identified for the court how many hours each timekeeper worked; rather, he submitted a document listing all time entries for all timekeepers (well over 100 entries). To aid the court's application of the loadstar calculus, Mr. Taylor must include the number of hours each timekeeper worked. Second, although some of the entries are improperly vague, the court disagrees with Reliance that the "vast majority" suffer from this defect. In future briefing, it would be helpful to the court if Reliance more specifically identified the descriptions that it finds improperly vague. Similarly, it would be helpful for Reliance to specifically identify, to the extent possible, any fees that it claims should be cut because they were improperly incurred in relation to unsuccessful motions.

### III. CONCLUSION

For the foregoing reasons, the court: (1) grants summary judgment to Mr. Taylor; (2) orders Reliance to pay Mr. Taylor benefits from the time they were terminated until the time that the "any occupation" eligibility standard went into effect; (3) remands Mr. Taylor's case to Reliance for a determination of whether Mr. Taylor is entitled to receive benefits under the "any occupation" eligibility standard; (4) orders Reliance to accept additional evidence from Mr. Taylor regarding his continuing disability and to engage in

a full and fair review of his file; (5) awards Mr. Taylor pre-judgment interest at the rate provided for in 28 U.S.C. § 1961; (6) orders the parties to submit to the court, within 14 days of the entry of this order, a proposed order of judgment that reflects the court's disposition of this matter as set forth in this order, including a calculation of the total amounts of back-benefits and pre-judgment interest currently owed to Mr. Taylor; and (7) denies Mr. Taylor's request for attorneys' fees and costs without prejudice to re-filing an amended motion within 21 days of the entry of this order.

Dated this 13th day of January, 2012.

JAMES L. ROBART
United States District Judge